(2) Each side shall bear its own costs for appeal no. 01–1239.

**ALL DENTAL PRODX, LLC and DMG Dental–Material Gesellschaft MBH, Plaintiffs–Appellees,**

v.

**ADVANTAGE DENTAL PRODUCTS, INC., Defendant–Appellant.**

No. 00–1493.

United States Court of Appeals, Federal Circuit.

DECIDED: May 21, 2001.

Before CLEVENGER and SCHALL, Circuit Judges, PLAGER, Senior Circuit Judge.

PLAGER Senior Circuit Judge.

Under the law of the Second Circuit, grant of a preliminary injunction requires that the movant show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly toward the party requesting relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam). The district court in this case declined to find that All Dental had shown the requisite likelihood of success on the merits, and focused instead on the serious question for litigation. However, the only "serious question" identified by the court referred to a patent not at issue in this case. Federal Rule of Civil Procedure 52 requires that, when granting a preliminary injunction, "the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its action."

Given what the district court gave us to work with, we are unable to affirm the preliminary injunction based on the record before us. We are particularly unwilling to do so in the present case, in which the factual recitations describe nothing but efforts by Advantage to inform potential infringers of the patentee's rights, *see* 35 U.S.C. § 287(a), which efforts are not themselves illegal. We find it unfortunate that the parties were unable to have the obvious problems with the preliminary injunction resolved short of appeal to this court. Indeed, we do not understand how All Dental–and particularly All Dental's prominent and experienced counsel–expected to present a successful defense of the district court's action. We therefore *vacate* the preliminary injunction and *remand* for further consideration.

## COSTS

Costs to Advantage.